UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21549-Civ-WILLIAMS/TORRES

GEICO GENERAL
INSURANCE COMPANY,

    Plaintiff,

v.

EILEEN GONALEZ *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT**

This matter is before the Court on Geico General Insurance Company's ("Plaintiff" or "Geico") motion for final default judgment. [D.E. 21]. No response was filed in opposition to Geico's motion and the time to do so has passed. Therefore, Plaintiff's motion is now ripe for disposition.[1] After careful consideration of the record presented, Plaintiff's motion for final default judgment should be **DENIED**.

---

[1] On April 16, 2020, the Honorable Kathleen Williams referred Plaintiff's motion to the undersigned Magistrate Judge for disposition. [D.E. 3].

1

## *I. BACKGROUND*

Plaintiff filed this action for declaratory relief on April 11, 2020 to determine the rights and obligations of the parties under an insurance policy issued to Monika Caridad Acuna ("Mrs. Acuna") and Jesse Acuna ("Mr. Acuna") (collectively, the "Acunas") with respect to a motor vehicle accident that took place on July 4, 2016. [D.E. 1]. As background, several plaintiffs filed a state court action against the child of the Acunas – Zabryna Hernandez Acuna ("Minor Acuna") – with allegations that she was the driver of a 1987 golf cart that collided with a 2008 Dodge Caliber. These plaintiffs claim that, as a result of the car accident, they suffered, amongst other injuries, hospitalization expenses, disfigurement, and mental anguish.

Plaintiff is currently providing a defense to Minor Acuna in the state court action pursuant to a reservation of rights clause included in an automobile insurance policy. The policy has bodily injury limits of $10,000 for each person and $20,000 for each occurrence. However, since the inception of the state court action, a dispute has now arisen has to whether coverage exists for any liability claims arising out of the accident as to the Acunas.

Plaintiff served the Acunas with a summons and complaint on April 21, 2020. [D.E. 21-1]. Plaintiff served Mrs. Acuna personally and Mr. Acuna via substitute service. On May 12, 2020, the Acunas filed an unopposed motion for extension of time to respond to Plaintiff's complaint [D.E. 14] and the Court granted that motion

the following day.[2] [D.E. 15]. The Court reset the deadline to respond to the complaint to June 1, 2020. On that date, several defendants filed their response to Plaintiff's complaint, but the Acunas failed to do so. The Court then directed the clerk to enter default against the Acunas and instructed Plaintiff to move for final default judgment on or before July 9, 2020. [D.E. 18]. Plaintiff timely filed its motion on that date and now seeks final default judgment for the failure to respond to the complaint.

## *II. APPLICABLE PRINCIPLES AND LAW*

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining

---

[2] On the same date and location, Plaintiff also served Minor Acuna via substitute service. This defendant is the child of the Acunas, all of who reside at 5314 SW 87th Avenue in Pembroke Pines, FL 33029.

3

whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). Rule 55 does not require an evidentiary hearing on the appropriate amount of damages, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

### *III. ANALYSIS*

Plaintiff seeks final default judgment against the Acunas for their failure to respond to the allegations in this case. Plaintiff does not seek monetary damages against the Acunas; it only seeks a declaration that there is no coverage for them under Geico policy number 4207-94-15-29 pertaining to a motor vehicle accident that took place on July 4, 2016.

Although the Acunas are in default, three other defendants have timely filed an answer in this case. That is significant because Plaintiff seeks declaratory relief to determine its rights under an insurance policy as it pertains to a state court action among the same parties. And in a case like this one – where there are several defendants and at least one defendant has timely responded to the complaint – the standard practice is to withhold granting a default judgment until after the case has been resolved on the merits. *See, e.g.*, *N. Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.*, 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012) ("[W]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until after trial on the merits against the remaining defendants."). This is particularly true where a plaintiff insurer is seeking declaratory relief to determine its rights under an insurance policy. *Id.*; *see also Zurich Am. Ins. Co. v. Ednic Trading Corp.*, 2014 WL 869216, at *2 (S.D. Fla. Mar. 5, 2014) (noting that while one defendant had defaulted, another had not, and it would therefore "be improper to enter [default] judgment . . . at this

5

juncture, especially since Plaintiff seeks declaratory relief to determine its rights under an insurance policy as it pertains to [a] state-court lawsuit").

The reason for this principle is to guard against the possibility of inconsistent judgments against two similarly situated parties. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[T]here might be one decree of the court sustaining the charge ... and another decree disaffirming the same charge[.] . . . Such a state of things is unseemly and absurd, as well as unauthorized by law."); *see also Malloy v. Casey*, 2011 WL 13294626, at *1 (M.D. Fla. Dec. 13, 2011) ("Judges in this district have followed *Frow* and declined to enter default judgment against some defendants where claims remain against other defendants due to the risk of inconsistent judgments.") (citing cases). That is, although the Acunas failed to respond to Plaintiff's complaint and Plaintiff would ordinarily be entitled to final default judgment, the more prudent court is to deny the motion without prejudice so that the case in the underlying state court action can be decided on the merits. *See, e.g.*, *Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC,* 2009 WL 3400519, at *5 (S.D. Fla. Oct. 20, 2009) ("[C]ourts routinely withhold default judgments declaring that an insurance policy is inapplicable until the claims against the defendants who appear in the action are adjudicated."); *North Pointe Ins. Co.,* 2012 WL 5378826, at *4 (finding that the justification for withholding entry of default judgment "is particularly true when . . . the case involves the declaration of obligations and coverage under an insurance agreement that is the subject of an underlying

6

dispute"). For these reasons, Plaintiff's motion for final default judgment should be **DENIED** without prejudice pending final disposition of the claims presented against the remaining defendants.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for final default judgment [D.E. 21] should be **DENIED** without prejudice pending final disposition of the claims presented against the remaining defendants.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 7th day of August, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

7