# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21549-Civ-WILLIAMS/TORRES

GEICO GENERAL INSURANCE COMPANY,

     Plaintiff,

v.

EILEEN GONALEZ *et al.*,

     Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION
## FOR LEAVE TO AMEND AFFIRMATIVE DEFENSES

This matter is before the Court on Eileen Gonzalez's and Frank Bennar's (collectively, "Defendants") motion for leave to amend affirmative defenses pursuant to Fed. R. Civ. P. 15(a)(2).   [D.E. 44].   Geico General Insurance Company ("Geico") responded to Defendants' motion on February 2, 2021 [D.E. 46] to which Defendants replied on February 9, 2021.   [D.E. 47].   Therefore, Defendants' motion is now ripe for disposition.   After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, Defendants' motion for leave to amend affirmative defenses is **DENIED**.

1

## *I. BACKGROUND*

Geico filed this action for declaratory relief on April 11, 2020 to determine the rights and obligations of the parties under an insurance policy issued to Monika Caridad Acuna ("Mrs. Acuna") and Jesse Acuna ("Mr. Acuna") (collectively, the "Acunas") with respect to a motor vehicle accident that took place on July 4, 2016. [D.E. 1].   As background, several plaintiffs filed a state court action against the child of the Acunas – Zabryna Hernandez Acuna ("Minor Acuna") – with allegations that she was the driver of a 1987 golf cart that collided with a 2008 Dodge Caliber. The plaintiffs alleged that, as a result of the car accident, they suffered, amongst other injuries, hospitalization expenses, disfigurement, and mental anguish.

Geico provided a defense to Minor Acuna pursuant to a reservation of rights clause included in the automobile insurance policy.   The policy included bodily injury limits of $10,000 for each person and $20,000 for each occurrence.   However, since the inception of the state court action, a dispute has arisen has to whether coverage exists for any liability claims arising out of the accident.

Defendants filed their answer, affirmative defenses, and counterclaim to Geico's complaint on June 2, 2020.   [D.E. 16].   The Court subsequently entered a Scheduling Order on September 22, 2020, setting the deadline to amend pleadings for September 29, 2020.   [D.E. 33].   On December 7, 2020, Geico served Defendants with several discovery responses, including two letters dated in May 2017.   One letter purportedly revealed that Geico's investigation was complete at that time and that bodily injury coverage existed for the underlying motor vehicle accident.

2

Afterwards, Defendants took the deposition of the lawyer who represented the Acunas in the state court action, Benjamin Fernandez, Esq. ("Mr. Fernandez"). Mr. Fernandez testified on January 19, 2021 that, at some point, Geico believed that coverage existed for the motor vehicle accident and that the company never advised him that it represented the Acunas pursuant to a reservation of rights clause or that it had changed its position on coverage. Based on this newly discovered information, Defendants now seek leave to amend their affirmative defenses to include a waiver and estoppel defense.

## II. APPLICABLE PRINCIPLES AND LAW

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. A party may amend any pleading once as a matter of right before a responsive pleading has been filed or within twenty-one (21) days after serving the pleading if no responsive pleading is allowed. *See* Fed. R. Civ. P. 15(a)(1). In all other situations, the amending party must obtain written consent from the opposing party or leave of the court to amend the pleading. *See* Fed. R. Civ. P. 15(a)(2). The rule declares that leave to amend Ashall be freely given when justice so requires." *Id.* If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *See Foman v. Davis,* 371 U.S. 178, 182 (1962).

Any amendments leading to a modification of the required pretrial scheduling order are subject to a "good cause" standard of scrutiny. Fed. R. Civ. P. 16(b)(4). That means that after the deadline for amending pleadings set forth in a scheduling

order has passed the party seeking the amendment must show good cause why leave to amend the complaint should be granted. *See, e.g., Ray v. Equifax Info. Servs., LLC*, 2009 WL 977313, at \*1 (11th Cir. 2009) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). A district court need not allow an amendment where allowing the amendment would cause undue prejudice to the opposing party. *See Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001).

Of course, the grant or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Id.* In the absence of any apparent or declared reason the leave sought should, as the rules require, be "freely given." *Id.* Substantial reasons justifying a court's denial of a request for leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, and repeated failure to cure deficiencies by amendments previously allowed. *See, e.g., Well v. Xpedx*, 2007 WL 1362717, \*1 (M.D. Fla. 2007) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)).

Even when an amendment is sought because of new information obtained during discovery, it is not an abuse of discretion to deny leave to amend if the moving party unduly delays pursuit of the amended pleading. *See, e.g., United States v. $172,760 in U.S. Currency*, 2007 WL 1068138 (M.D. Ga. 2007). Additionally, a district court may properly deny leave to amend when an amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255,

1262-3 (11th Cir. 2004); *see also Eveillard v. Nationstar Mortg. LLC*, 2015 WL 1191170, at *6 (S.D. Fla. Mar. 16, 2015) ("The law in this Circuit is clear that 'a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.'") (quoting *Hall*, 367 F.3d at 1263). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999). This determination is akin to a finding that the proposed amendment would not survive a motion to dismiss. *See Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.").

### III. ANALYSIS

Defendants seek leave to amend their affirmative defenses to include a waiver and estoppel defense. The reason for this request goes back to two May 2017 letters that Geico produced in December 2020. Geico apparently advised Mr. Fernandez that coverage existed for the motor vehicle accident and instructed him to schedule a global settlement conference to resolve the claims. Defendants say, at no point, did Geico advise them that it had changed its position on coverage.

However, following a judgment entered against the Acunas in state court, Defendants claim that Geico reversed course and filed this action, asserting that it had no duty to defend or indemnify. This is why Defendants seek to amend their

defenses because – based on the information provided in Geico's December 7, 2020 discovery response and the supplemental response that followed on January 8, 2021 – these documents are critical in undermining the relief Geico seeks.   Defendants say that an amendment would be in the interest of justice, that it would allow the parties to litigate this case on the merits, and that Geico would not be prejudiced as a result.   For these reasons, Defendants conclude that leave to amend should be granted despite the deadline for seeking leave to amend having passed on September 29, 2020.   [D.E. 33].

Geico's response is that the motion should be denied because it fails to establish any cause – let alone good cause – for a modification of the Court's Scheduling Order.   Geico argues that the motion does not even allege that Defendants were diligent in their efforts to meet the Court's deadlines, making it uncertain how leave to amend can be granted approximately four months after the deadline to file amended pleadings.   *See Jennings v. BIC Corp.*, 181 F.3d 1250, 158-59 (11th Cir. 1999) (affirming denial of leave to amend where plaintiffs waited five months after the district court's deadline for amending the pleadings, and providing no basis for the delay other than "it has recently come to [Plaintiffs'] attention that certain failures and derelictions of Defendant . . . give rise to an additional cause of action").   If leave to amend were granted, Geico says it would be impossible for the parties to comply with the current deadlines in the Court's Scheduling Order and that several extensions would be required – all of which lack good cause and are omitted in the motion seeking leave to amend.   Geico is also

6

concerned that the motion seeks to add entirely new legal theories for coverage and that additional discovery will be required, including interrogatories, requests for production, and requests for admission.[1]   As such, Geico reasons that the parties will have to reschedule previously deposed witnesses for additional rounds of depositions and – with the discovery deadline having already passed on February 12, 2021 – it is not feasible for the parties to explore these issues without an extension of the discovery period and the upcoming dispositive motion deadline set for February 26, 2021.

Assuming that the Court overlooks these shortfalls, Geico argues that the proposed defenses lacks merit in law and fact.   Geico says that Florida courts have consistently followed a rule that estoppel and waiver do not create or extend coverage where coverage does not exist.   Although there are exceptions to this rule, Geico maintains that none applies here.   *See, e.g.*, *Crown Life Ins. Co. v. McBride*, 517 So. 2d 660, 662 (Fla. 1987) ("[P]romissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice.").   Geico also claims that it never made any representations to the Acunas that coverage existed for which they could have relied to their detriment. Rather, Geico states that it provided a defense to the Acunas throughout the entire

---

[1]   Geico views an extension of the discovery period as a necessity because a range of different issues will arise if leave to amend is granted.   These include, among other things, the state of minds of several witnesses, Geico's alleged acknowledgement of coverage, and whether the Acunas reasonably relied on any representations.   Since there has been no written discovery on any of these issues, Geico contends that this will be a prerequisite to determine whether the estoppel and waiver defenses have any merit.

7

state court lawsuit until the parties resolved the case via a consent judgment. Geico therefore concludes that leave to amend should be denied.

Under Florida law, the "essential elements of estoppel are (1) a representation as to a material fact that is contrary to a later-asserted position, (2) reliance on that representation, and (3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon." *Tome v. State Farm Fire & Cas. Co.*, 125 So. 3d 864, 867 (Fla. 4th DCA 2013) (internal quotation marks omitted).  Florida law provides, in the insurance context, that "the doctrine of estoppel generally 'may not be used to create or extend coverage' where none originally existed." *Gotham Ins. Co. v. W. Coast Fire Prot. Corp.*, 752 F. App'x 793, 798 (11th Cir. 2018) (quoting *AIU Ins. v. Block Marina Inv., Inc.*, 544 So. 2d 998, 1000 (Fla. 1989)).

However, the Florida Supreme Court has carved out a "'very narrow exception' to this rule under which 'the doctrine of promissory estoppel may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice.'"  *Id.* (quoting *AIU Ins.*, 544 So. 2d at 1000 n.1); *see also Doe ex rel. Doe v. Allstate Ins.*, 653 So. 2d 371, 374 (Fla. 1995) (explaining that promissory estoppel only applies if "the insured has been prejudiced which estops the insurer from denying the indemnity obligation of the insurance policy").  "Such injustice may be found where the promisor reasonably should have expected that his affirmative representations would induce the promisee into action or forbearance substantial in nature, and where the promisee shows that such reliance thereon was

8

to his detriment." *Crown Life Ins. Co.*, 517 So. 2d at 661-62.   The party seeking to invoke estoppel bears the burden of producing such evidence.   *See id.*   In fact, when recognizing the limited exception in the insurance context, two concurring justices in *McBride* emphasized the weight of the burden.   As one of those Justices explained:

> [T]o support a finding of [promissory] estoppel the facts necessary to constitute it must be shown with certainty and not taken by argument or inference, nor supplied by intendment, but clearly and satisfactorily proved.  This is a significantly higher degree of proof than by the greater weight of the evidence . . . These standards, and the quantum of proof required, places the burden upon the trial court to ascertain that there is competent, substantial evidence . . . which would constitute clear and convincing proof of the existence of the factual elements necessary to establish an estoppel, before submitting the issue to a jury.

*Id.* at 664 (Willis, J., concurring).

Having considered the relevant legal principles, the problem with the motion seeking leave to amend is not whether the amendment is available under Florida law but whether Defendants have established good cause in seeking leave to amend in the first place.   The most noticeable shortfall with the four-page motion is that – while it seeks leave to amend after the deadline to amend pleadings passed on September 29, 2020 – there is never even a mention of Rule 16 and its requirements. Instead, Defendants rely on Rule 15(a)(2) and say that leave to amend should be given when justice so requires.   But, that is not the standard that applies when seeking a modification of a court's scheduling order.   The Eleventh Circuit made that clear in *Sosa*, where the Court required a movant seeking leave to amend to

first demonstrate good cause under Rule 16(b) before considering whether an amendment is proper Rule 15(a).   Indeed, to consider "Rule 15(a) without regard to Rule 16(b) . . . would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa,* 133 F.3d at 1419; *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277-78 (M.D. Fla. 2002) (denying plaintiff's untimely motion for leave to file a second amended complaint).

To establish good cause sufficient to justify modification of a scheduling order, a movant must demonstrate that the scheduling order deadline could not have been met "'despite the diligence of the party seeking the extension.'"   *Sosa*, 133 F.3d at 1419 (quoting Fed. R. Civ. P. 16 advisory committee's note).   In a case following *Sosa*, one district court carefully summarized the considerations that influence the finding of a lack of diligence:

> 1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring the information, the plaintiff delayed in asking for amendment.

*Lord*, 223 F. Supp.2d at 1277.

Here, the motion fails in all respects, because other than reciting the background facts and procedural posture, Defendants only included a single paragraph to explain why leave to amend should be granted.   And that fleeting paragraph followed three short sentences applying the wrong standard under Rule 15.   Defendants say, in a nutshell, that an amendment should be allowed because

it "would be in the interest of justice," it "would clarify the issues in this case," and it would "allow a full resolution on the merits." [D.E. 44 at 4]. They then follow those reasons with additional claims that their request was filed promptly after the factual and legal basis to do so was discovered, that Geico will not be prejudiced, and any amendment would not be futile.

But, putting aside the failure to rely on the correct Federal Rule of Civil Procedure, Defendants' motion is vague and conclusory because it makes these assertions about the interest of justice, the need for clarification, the importance of deciding issues on the merits, futility, and the lack of prejudice but it never even applies these legal concepts to the underlying facts. *See, e.g., Kipu Sys., LLC v. Zencharts, LLC*, 2019 WL 2288328, at *3 (S.D. Fla. May 29, 2019) ("Plaintiff's vague and conclusory representation does not meet its burden under Rule 16.") (citing *Orr v. Orbis Corp.*, 2009 WL 10669722, at *5 (N.D. Ga. Jan. 22, 2009) (denying plaintiff's motion for leave to amend because "[p]laintiff belatedly offered only a general, vague and conclusory explanation for his delay. He offered no affidavit or sworn testimony concerning his diligence in pursuing the proposed amendment")); *see also De Varona v. Discount Auto Parts, LLC,* 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) ("[D]iligence is the key to satisfying the good cause requirement")).

Defendants try to correct for these mistakes in their reply with references to Rule 16 and a short-lived application of the law to the facts. Yet, Local Rule 7.1(c) provides that a reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without re-argument of matters covered in

11

the movant's initial memorandum of law." S.D. Fla. L.R. 7.1(c). That means "[a] reply memorandum may not raise new arguments or evidence . . . where the evidence was available when the underlying motion was filed and the movant was aware (or should have been aware) of the necessity of the evidence." *Baltzer v. Midland Credit Mgmt., Inc.,* 2014 WL 3845449, at *1 (S.D. Fla. Aug. 5, 2014) (citing *Foley v. Wells Fargo Bank, N.A.,* 849 F. Supp. 2d 1345 (S.D.Fla.2012); *TCC Air Servs., Inc. v. Schlesinger,* 2009 WL 565516, at *7 (S.D. Fla. Mar. 5, 2009)). Given that Defendants should have been aware of their burden and the applicable rules and legal principles that applied in seeking the relief sought when they filed their initial motion, the reply violates the Local Rules.

Moving past that failure, Defendants maintain that leave to amend should be granted because they acted diligently after Geico produced several key documents on December 7, 2020. Defendants claim that these documents provided the basis for the proposed defenses and that they only waited two weeks thereafter to notice the deposition of Mr. Fernandez who testified that coverage existed for the motor vehicle accident. Following that deposition, Defendants say that they filed their motion for leave to amend less than twenty-four hours later – meaning any argument that Defendants were inattentive to the Court's Scheduling Order does not go hand in hand with the actions taken.

Defendants' arguments are unavailing, in many respects, because of their own assertions. Take, for example, Defendants' contention that they learned of the basis for their proposed defenses back on December 7, 2020. [D.E. 47 at 6 ("On

12

December 7, 2020, GEICO produced its May 30, 2017 letter wherein it advised its insureds that its coverage investigation was complete and that it had determined there was bodily injury coverage – *that Bennar learned of the basis for the defense*.") (emphasis added)].   That directly undercuts the importance of Mr. Fernandez's deposition because his testimony was obviously not required for Defendants to file their motion seeking leave to amend.   Even worse, this is not the only time that Defendants make that assertion.   They also state that Geico's "discovery responses . . . confirmed that no reservation of rights letter post-dating May 30, 2017 was ever sent to the insureds."   *Id*.   And Defendants double down on that claim with the assertion that "[t]he basis for the Acunas' detrimental reliance on GEICO's representation of coverage [was] plain," because the "May 23, 2017 letter unambiguously asserted a lifetime offer of [the] policy's limits[.]"   *Id*. at 2.   If all of these documents were "plain," "unambiguous," and Defendants admit that they learned of their proposed defenses back in December 2020, it is entirely unclear why they waited another month to file a motion seeking leave to amend where a delay of that length is a sufficient reason, by itself, to find that Defendants failed to act diligently.   *See Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1242 (11th Cir. 2009) (finding lack of diligence where the plaintiff "dallied too long" by waiting over a month after discovering the need to amend before requesting leave).

A related problem arises where Defendants assert that leave to amend should be granted because there is no need for any additional discovery.   Defendants say that Geico failed to identify any witnesses or testimony that would be needed to

oppose a waiver and estoppel defense and that Geico has already had an opportunity to question several deponents following the December 2020 production. But, if Defendants took several depositions (in addition to Mr. Fernandez's) after Geico's document production in December, that makes it even more uncertain as to why they waited until January 20, 2021 to file a motion seeking leave to amend. And it is also presumptuous for Defendants to say that Geico will not be prejudiced when the motion seeks to add two new legal theories to a case where discovery closed on February 12, 2021 and the deadline to file dispositive motions is rapidly approaching on February 26, 2021. Defendants should have set forth good cause not only for their proposed amendment, but also with respect to the remaining deadlines in the Court's Scheduling Order to alleviate any potential prejudice that Geico might suffer. Defendants did neither, making it unclear how the motion seeking leave to amend is supported with good cause.

Finally, a lack of diligence can include a party's failure to seek the information it needs to determine whether an amendment is in order. *See, e.g., Oravec v. Sunny Isles Luxury Ventures, L.C.,* 527 F.3d 1218, 1232 (11th Cir. 2008) (explaining that a plaintiff did not establish good cause by stating that it did not know about the jurisdictional defects of its claims until notified of those defects by the district court after the deadline for amending pleadings). That applies here because Defendants complain that Geico failed to produce certain documents and discovery responses until December 7, 2020. But, Defendants concede that they gave Geico several extensions to serve those items as opposed to seeking relief on

the Court's Discovery Calendar.   [D.E. 47 at 5].

It is uncertain how Defendants acted diligently when they could have served their requests earlier in the discovery period and, absent that, sought immediate relief when Geico failed to produce the items requested.   If Defendants had taken either approach, they would have learned of the information they needed far sooner and would have had additional time in the discovery period to alleviate any potential prejudice to Geico.   Unfortunately, Defendants did neither and given that their motion is vague, conclusory, relies on the wrong Federal Rule of Civil Procedure, omits good cause for an extension of the Court's remaining pretrial deadlines, violates the Local Rules, and fails to set forth diligence or a lack of prejudice, the motion seeking leave to amend must be **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion seeking leave to amend affirmative defenses is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 19th day of February, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

15