UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-21549-CV-WILLIAMS

EILEEN GONZALEZ, *et al.*,

    Plaintiffs,

v.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Chief Magistrate Judge Edwin G. Torres' Report and Recommendation (DE 173) ("***Report***") on Defendant GEICO General Insurance Company's Motion for Summary Judgment (DE 142) ("***Motion***"). In the Report, Judge Torres recommends that the Motion be granted and the case be closed. (DE 173 at 1.) Specifically, Judge Torres finds that "the undisputed facts demonstrate that GEICO did *not* have a reasonable opportunity to settle Devin's bodily injury claim on the Acuna policy." (*Id.* at 20.) Plaintiffs filed objections to the Report (DE 176) and Defendant filed a response (DE 179).

The Court conducted a *de novo* review of the portions of the Report to which Plaintiffs objected and a review of the remainder of the Report for clear error. As an initial matter, the Court agrees with Plaintiffs that it is not appropriate for the Court to make credibility determinations at the summary judgment stage.[1] Nonetheless, the Court finds

---

[1] Although the Court does not agree that Judge Torres' description of the affidavits submitted by Plaintiffs as "self-serving" was a credibility determination, the Court wants to make clear that it does not adopt this characterization of the affidavits. Moreover, as stated above, the Court has conducted a *de novo* review of the documents.

that GEICO worked to resolve the coverage question after it learned of the claim against the Acuna Policy in March 2017 and subsequently offered Plaintiffs the $20,000.00 policy limit in May 2017.[2] Reviewing the totality of the circumstances, the Court finds that GEICO cannot be found to have acted in bad faith as a matter of law.

Accordingly, upon a careful review of the Report, the Motion, the objections, the record, and applicable law, it is **ORDERED AND ADJUDGED** that:

1. Judge Torres' Report (DE 173) is **AFFIRMED AND ADOPTED**.
2. Defendant's Motion for Summary Judgment (DE 142) is **GRANTED**.
3. The Court will separately issue a final judgment.
4. This case remains **CLOSED**.  All hearings and deadlines are **CANCELED**.  Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 11th day of June, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[2] Although Plaintiffs argue that the term of GEICO's investigation should run from July 2016 (when GEICO learned of the accident as to the Bennar Policy) rather than March 2017 (when GEICO learned of a claim against the Acuna policy), Plaintiffs have not cited sufficient evidence to demonstrate that GEICO made the connection between the two separate policy investigations.